Akter HOSSAIN, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–70324.

I & NS No. A72–539–090.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001 *.

Decided Oct. 4, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**714**

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM **

Akter Hossain, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of his request for asylum and withholding of deportation. We deny the petition.

■ The BIA's determination that Hossain "was not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the rec-

ord considered as a whole.'" *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). To justify a reversal of the BIA's decision, Hossain must show "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Where an asylum claim is involved, an alien must either show past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v.. INS,* 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

■ Here, the evidence before the BIA did indicate that the interactions of members of the various political parties in Bangladesh were disturbing, but the State Department reports that political conditions have changed for the better. *See Marcu v. INS,* 147 F.3d 1078, 1082 (9th Cir.1998); *Kazlauskas v. INS,* 46 F.3d 902, 906 (9th Cir.1995). Hossain indicated that he was injured one time in a police encounter, but a single encounter does not necessarily show persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). There is a warrant out for Hossain's arrest, but that is because he was released on bail and then failed to appear in court. That would cause the issuance of a warrant in any country under any conditions, and prosecution is not the same as persecution. *See Fisher,* 79 F.3d at 961–62; *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992).

In short, while a reasonable factfinder could find persecution, the evidence did not compel that finding. *See Prasad,* 47

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d at 340.[1]

Petition DENIED.

1. Because Hossain did not meet the requirements for eligibility for asylum, he is not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.